Filed 7/26/13  P. v. Nelson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHAWN ALLEN NELSON,<br><br>Defendant and Appellant. | A137793<br><br>(Sonoma County Super. Ct.<br> No. SCR606427A) |

This appeal follows from a contested revocation of probation hearing and the imposition of the five-year sentence.  Appellant's counsel filed the opening brief without raising any specific issue and requests that the court conduct an independent review of the entire record in accordance with *People v. Wende* (1979) 25 Cal.3d 436.  Appellant was apprised by counsel of his right to file a supplemental brief on his own behalf and did not do so.  We have reviewed the entire record and found no arguable issues that would present a meritorious appeal.

**BACKGROUND**

The underlying information filed by the Sonoma County District Attorney's Office alleged that appellant struck an unsuspecting victim in the face with a bottle while checking out of a grocery store.  Appellant entered a plea of no contest to the charge of assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1)),[1] and admitted the allegation of a prior prison term enhancement.  (§ 667.5, subd. (b).)

---

[1]  Further unspecified code sections refer to the Penal Code.

1

Appellant was placed on probation pursuant to a negotiated agreement that suspended the imposition of sentence and imposed standard various terms and conditions, including that he avoid illegal substances and obey all laws.

A petition to revoke probation was filed in May 2012, alleging that appellant had failed to submit to chemical testing as directed, and that he had failed to inform his probation officer of his whereabouts as directed. A month later, appellant was found in violation of probation, which was reinstated and modified by extending the term for an additional 12 months, among other conditions. Six months later, appellant violated probation again when he submitted to a bad urine sample and admitted using methamphetamine.

On January 4, 2013, Probation Officer Kelly Dunaway testified in support of the latest revocation petition that appellant had tested positive for amphetamine and methamphetamine and had admitted that he used "meth" to alleviate back pain. This presumptive positive was based on his admission of the drug usage and not sent to a lab for confirmation. Appellant's probation was summarily revoked. The court denied a further reinstatement of probation and imposed the upper term of four years on the underlying assault by means of force likely to cause great bodily injury offense, along with a consecutive year for the section 667.5, subdivision (b) prior, for a total of five years in state prison.

Appellant filed a timely notice of appeal.

## DISCUSSION

This appeal is from the revocation of appellant's probation and the imposition of the five-year term upon execution of the original sentence. Appellant's counsel raises no issues and asks us to conduct a review of the entire record consistent with *Wende* to determine whether there are any issues which would, if resolved favorably to appellant, result in reversal or modification of the judgment.

Revocation of probation lies within the broad discretion of the trial court. (*People v. Angus* (1980) 114 Cal.App.3d 973, 987.) Absent abuse of that discretion, this court will not disturb the trial court's findings. Section 1203.2, subdivision (a) authorizes a

2

court to revoke probation if "the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of his or her supervision. . . ."

The facts in a probation revocation hearing are to be proven by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 440-441.) Here, the trial court relied on evidence of appellant's admission and presumptive positive test result to establish his use of prohibited drugs, and we discern no abuse of the court's discretion in revoking appellant's probation.

As to the original suspended sentence, where, as here, an appellant has pled not guilty of no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Nothing in the record before us indicates appellant was mentally incompetent to stand trial or to understand the admonitions he received from the court prior to entering his plea, and to thereupon enter a knowing and voluntary plea. The record provides a factual basis for the plea.

The admonitions given appellant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his waiver was knowing and voluntary. Appellant was at all times represented by competent counsel who protected his rights and interests.

The trial court's imposition of the upper term was recommended by the probation report, which stressed that appellant's prior performance on probation was unsatisfactory. The court also noted that the underlying offense had been a violent attack on a stranger and that appellant had a history of similar random acts of violence. Accordingly the upper term chosen by the trial court was authorized by law.

Our independent review having revealed no arguable issues that require further briefing, the judgment of conviction, which includes the sentence imposed, is affirmed.

## DISPOSITION

Our independent review of the record reveals no arguable issues that require further briefing.  The judgment is affirmed.

_____
Lambden, J.


We concur:


_____
Kline, P.J.


_____
Richman, J.